UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
OCT 25 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-524-GWU

OWEN COLLINS, PLAINTIFF,

VS:                MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

INTRODUCTION

Owen Collins brought this action to obtain judicial review of the unfavorable portion of an administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

>impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
>6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work?  If yes, the claimant is not disabled.  If no, proceed to step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).
>
>7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>.  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Id</u>.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Houston v. Secretary of Health</u>

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Collins, a 50 year-old former truck driver, flagman, and laborer, suffered from impairments related to chronic low back pain secondary to degenerative disc disease at L3-L4 and L4-L5 with a bulge at L5-S1, depression, an anxiety disorder, a history of prostatitis, peptic ulcer disease, allergic rhinitis and respiratory allergies, as well as functional illiteracy. (Tr. 233-234). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 239). The ALJ concluded that, as of June 16, 2004, the claimant would be considered disabled under the terms of Rule 202.09 of the Medical-Vocational Guidelines which mandates a disability finding for one who is 50 years-old,[1] illiterate, and

---

[1] The plaintiff's 50th birthday was actually March 16, 2005 rather than June 16, 2004. (Tr. 237). The ALJ chose not to apply the Medical-Vocational Guidelines in a mechanical manner in this borderline situation. (Tr. 237). This was a very generous finding on the part of the ALJ since the claimant's DIB-insured status expired on December 31, 2004 (Tr. 238), a factor which otherwise could have been used to deny

who had performed unskilled work. (Tr. 239). Prior to this date, the ALJ determined that, utilizing Rule 202.16 as a framework and the testimony of a vocational expert, a significant number of jobs remained available to Collins and, so, he would not be considered totally disabled. (Tr. 238-240).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment and deny that of the plaintiff.

The hypothetical question presented by the ALJ to Vocational Expert Linda Sparrow included an exertional limitation to light level work along with such non-exertional limitations as (1) an inability to more than occasionally climb stairs or ramps, bend, twist, stoop, crouch, or crawl; (2) an inability to ever climb ladders, ropes or scaffolds; (3) the need for a sit/stand option with no prolonged standing or walking in excess of one hour without interruption; (4) an inability to perform work requiring literacy; (5) a limitation to entry-level work with one-two-three step procedures; (6) an inability to perform work requiring problem solving, advanced planning or setting of goals and should work primarily with objects as opposed to people; (7) an inability to more than occasionally interact with the general public; and (8) a need to avoid exposure to concentrated dust, gases, fumes, temperature extremes or excess humidity. (Tr. 434-435). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 435). Therefore, assuming that the vocational factors considered by Sparrow fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

---

him DIB.

6

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. The question was compatible with the physical restrictions identified by Dr. Jeffrey Ellington, an examining consultant, which included a restriction to light level work with an inability to more than occasionally crouch, crawl or stoop. (Tr. 205-208). Dr. Mark Burns, another examiner, indicated that Collins did not suffer from any physical restrictions. (Tr. 315). The ALJ's findings were also supported by the opinions of Dr. David Swan (Tr. 140), Dr. Kenneth Phillips (Tr. 141-151), and Dr. John Rawlings (Tr. 373), the non-examining medical reviewers. No treating or examining source, including the staff at Appalachian Regional Healthcare (Tr. 126-133), the staff at Christian Healthcare (Tr. 153-175, 188-197), the staff at Mary Breckinridge Healthcare (Tr. 181-187), the staff at Memorial Hospital (Tr. 209-215), and the staff at the Manchester Family Practice Clinic (Tr. 336-358, 375-410), identified the existence of more severe physical limitations than those found by the ALJ. Therefore, substantial evidence supports this portion of the administrative decision.

The ALJ also dealt properly with the evidence of record relating to Collins' mental condition. Dr. Robert Eardley examined the plaintiff and diagnosed a depressive disorder. (Tr. 318). Dr. Eardley specifically indicated that the claimant had the ability to make social and personal adjustments and could understand, remember and carry out instructions. (Tr. 319). Any disability was said to relate to physical rather than mental factors. (Tr. 319). Psychologists Edward Stodola (Tr. 321) and Jay Athy (Tr. 359), the non-examining medical reviewers, each opined that Collins' mental problems were not "severe." The extensive mental limitations of the hypothetical question were consistent with these opinions. Therefore, strong evidence supports this portion of the

7

administrative decision.

Collins argues that his mental problems met the requirements of Section 12.06 of the Listing of Impairments relating to anxiety disorders. He asserts that the record indicates he has "marked" restrictions of daily living and "marked" difficulties in maintaining social functioning. However, as previously noted, Dr. Eardley clearly indicated that that the plaintiff had no problems in either of these areas. Neither medical reviewer even thought that the claimant's mental problems were "severe" and certainly neither indicated that a Listing section had been met, with each reviewer marking these categories as "mild" rather than "marked." (Tr. 331, 369). Therefore, the Court must reject Collins' argument.

Collins asserts that the ALJ erred in failing to consider the combination of his impairments. However, the Court has already determined that the hypothetical question presented in the case fairly depicted the plaintiff's impairments. Therefore, the ALJ implicitly properly considered the combination of all of the claimant's impairments.

Collins also argues that he meets the requirements of 20 C.F.R. Section 404.1562(a)--the so-called "worn-out worker" rule. This rule provides for the finding of disability for a claimant who is of no more than marginal education and who has worked for 35 years at arduous manual labor. However, the plaintiff himself notes that he has performed only 24 years of such work. Therefore, the Court must reject his argument.

Finally, Collins argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged

8

pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Collins was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the alternative second prongs. An MRI of the lumbar spine revealed only moderate degenerative changes at L5-S1 with mild circumferential bulge. (Tr. 152). The spinal canal was unremarkable. (Tr. 152). This evidence was reviewed by Dr. Ellington who noted only modest physical restrictions compatible with the hypothetical question. (Tr. 201). Dr. Burns reported that the claimant's orthopedic and physical examinations had been within normal limits. Finally, as previously noted, no physician or record imposed more severe physical limitations than those found by the ALJ as a result of pain complaints. Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Collins' pain complaints.

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the  25  day of October, 2006.

G. WIX UNTHANK
SENIOR JUDGE

9